1  Steven C. Vondran, [SBN 232337]
   **THE LAW OFFICES OF STEVEN C. VONDRAN, PC**
2  One Sansome Street, Suite 3500
   San Francisco, CA 94104
3  Telephone: (877) 276-5084
   Facsimile: (888) 551-2252
4  E-mail:  steve@vondranlegal.com

5
   *Attorneys for Defendant identified as IP Subscriber 24.130.70.230*
6
                  **IN THE UNITED STATES DISTRICT COURT**
7
                  **NORTHERN DISTRICT OF CALIFORNIA**
8

9
   STRIKE 3 HOLDINGS, LLC.
10
                                                    Case No.45:19-cv-08231-KAW
              Plaintiff,
11
                                                    Honorable Judge: Kandis Westmore
12  Vs.

13  JOHN   DOE   subscriber   assigned   IP   address   **DEFENDANT'S REPLY TO**
    24.130.70.230                                    **OPPOSITION TO MOTION TO**
14                                                   **QUASH SUBPOENA AND TO**
              Defendant.                             **DISMISS CASE UNDER F.R.C.P 41,**
15                                                   **F.R.C.P. 11.  MEMORANDUM OF**
                                                     **POINTS AND AUTHORITIES.**
16

17

18                                                   <u>Hearing</u>
                                                     Date:  April 16, 2020
19                                                   Time: 1:30 PM
                                                     Courtroom: 1301 Clay Street, Oakland, CA
20

21                          **<u>REPLY</u>**

22

23

24

25
                                   1
26  ─────────────────────────────────────────────
                                 REPLY
    ─────────────────────────────────────────────

**ISSUE PRESENTED**

The main issue presented is whether Plaintiff's new (Post *COBBLER*) two-court litigation forum-shopping strategy (filing first in Florida State Court, then cutting and running on every challenge, then filing in this Federal Court, where they knew jurisdiction was proper in the first place) is an abuse of process and provides adequate legal grounds to quash the subpoena and/or dismiss the case under F.R.C.P. Rule 41.

Plaintiff proudly touts all the past Strike 3 cases (most pre-Cobbler) where Courts granted Strike 3 early leave to serve a subpoenas to identify an internet subscriber's name and address.  These motions are not challenged because they are filed early in a litigation, usually without any notice to anyone that may be affected.  Per-Cobble, most of the motions were granted.  However, when Cobbler became law in the 9th circuit, Defendants knew they had a problem (they also had a problem in New Jersey in or around the same time – Note Plaintiff take issue with citing cases ouf of this jurisdiction, but then goes on to cite a slew of out of jurisdiction cases including its own New Jersey case, Maryland, New York, Florida, Pennsylvania, Illinois, etc.).

At any rate, this is a case of **first impression**, and citing past cases prior to Strike's 3's institution of its novel *Post-Cobbler* "East Coast / West Coast" forum shopping, "cut and run" abuse of the court process) is not binding on this Court.  As noted in our main opposition, Cobbler did not decide a discovery issue, and thus its holding, as Plaintiff seeks to use it, is mere dicta.  The Court, can throw out any case that does not pass legal muster.

Plaintiff urges that it is "plausible" that an internet subscriber is also the infringer, and thus its pleading is proper.  But this is not anymore true than a person made a phone call because they signed

up for a phone account.  This is purely a fishing expedition and they cite no evidence to overcome this.  Cobbler says merely suing an IP address (subscriber) is not enough.  The reality is, Plaintiff has no clue if the subscriber, anyone in their houseld, or some other third party infringed their movies.  Yet, this is "plausible?"

This is not an action seeking Rule 11 sanctions, this is an action to Quash the Subpoena because it is the result of improper "game-playing" with the Court using a Florida "Bill of Discovery" (state court action) to get "leads" (names and numbers they can pounce on to try to obtain "shame settlements" as many courts have referred to them.  While they have a right to enforce their copyrights, they do not have the right to name innocent people who they cannot state even one fact other than "they are the internet subscriber with a certain IP address on a certain day."  This does not meet the plausibility standards, and their attempts at forum shopping and hopping from Coast to Coast in pursuit on a name and address under these circumstances is atrocious.

Plaintiff claims in their opposition that "*Plaintiff first sought discovery in Florida State Court – where Doe is subject to personal jurisdiction*" but they have made clear in their emails and pleadings with various courts that using their Maxmind technology they know with near 100% certainty that the IP address that is the subject of this lawsuit is located in Northern District of California.  So, why didn't they file here in the first place?  What is the grounds for personal jurisdiction over the Doe Defendant in Florida?  A server is located there?  This is nonsense and shows the improper nature of filing in Florida State Courts to generate "leads" to shakedown.

As noted in our main brief, Plaintiff has never challenged even one of these filings in Florida when opposed.  The argue in their opposition (**P4. Footnote 4**) – "Doe filed a motion to quash in

3

---
REPLY
---

Florida, but bever filed a notice of a hearing."  Why would counsel in Florida further clog the Courts their when Strike 3 "cuts and runs" on every single case in Florida, likely to avoid any threat of having to pay legal fees for improper abuse of the Florida Court.

Defendant asks this court to take judicial notice of **Plaintiff's "Exhibit 2" (P.1)** which shows the opposition pleadings they face in Florida (which outlines all the shortcomings and frivolousness of their "Bill of Discovery) to which they "cut and run" ON EVERY SINGLE CASE, they don't even pretend they will prosecute their claims in Florida State Court.  Some of the grounds raised by Florida defense counsel (which DOE has to pay legal fees for, and risks the improper passing of time in which crucial ISP evidence could be lost are arguments that:

1.  Subpoena requires disclosure of protected information and subjects Doe to undeue burden (the same argument being made here due to the intentional delay, and potential loss of evidence, an undue and unnessary burder, not to mention the costs of retaining counsel)

2.  Plaintiff has an adequate remedy at law (i.e. filing a copyright infringement action which is mentioned in the Orders they obtain if a Doe does not challenge them in State Court).  *If there is an adequate remedy at law, there is no need for a "action in equity" which is an abuse of law.*

3.  Plaintiff's action is grounded and being pursued for pupuses of pursuing copyright claims and thus is preempted by federal law.  (why not just file where they claim they know with Maxmind technology where jurisdiction for their Copyrights infringement actions would be proper, if the results are to be believed).  They know there is no personal or subject matter jurisdiction in the Florida state courts, but they are greedy and want to obtain as many

"leads" as possible despite improper filings, improper jusridiction, and having no intent whatsoever to pursue their own pleadings in Florida.

Plaintiff is GREEDY, plain and simple, and having trimmed down from using the large Fox Rothschiled firm, down to a few small attorneys, they seek to get what they want no matter of the propriety or load put on the sytem, and despite the fact this this intentional delay in Florida, is causing potential exculpatory evidence the ISP may have to vanish (as they themselves have noted in their own judicial pleadings).  How can this type of forum shopping be permitted?  This is improper and violates the Federal Rules.  If they are concerned with Cobbler, they should obtain more evidence before filing federal court actions.

In that regard, we now see another tactic Strike 3 is employing in California federal courts. Knowing *Cobbler* requires that a Plaintiff allege "*something more*" than just naming an ISP address, Strike 3 is now obtaining names and addresses and comparing them with a person's facebook posts.  If they can line up or, match or correlate the movies being downloaded with a persons facebook "likes" they figure this will overcome Cobbler and give them the "something more" needed.

Yet this is total junk science and will be challenged in other cases.  For example, in one case they stated that a Defendant is more likely to have downloaded their clients Blacked, Tushy, and Vixen videos because their social media likes indicate they have an interest in "Star Wars."  Obviously, this is a total joke, and will be opposed in another case.  Making matters worse for them, the Defendant in that case will show that the facebook account used was that of another person with a similar same. These are the type of *callous intentional abuses* that are going on and the Courts have the inherent power to quash the subpoena and dismiss the case for improper delay.

Defendant is not seeking sanctions for rule 11 violation, and any meet and confer on the issue would be completely pointless as Plaintiff has indicated ad nausem that they believe what they are doing is proper, and that they will not be dismissing case.  The point of pointing out the violations of the local federal rules is that case law under *F.R.C.P. 41 et seq* allows dismissal on these grounds, which identify frivolous pleadings, game-playing with the courts which result in improper harassment of a Defendant, undue Burden in chasing Plaintiff around the Courts when it know it should have sued in a California federal court to pursue its copyright claim and not in a Florida state court "equity" action.  Then, cutting and running to avoid fees, and to vexatiously file in California.

The points are clear.  Plaintiff should be stopped form improper forum shopping and filing improper "equity" lawsuits in Florida state court.  They should do more up-front work before naming IP addresses to a lawsuit when they have no idea if the Subscriber is an infringer, a care-taker, a group home, nothing.  They do not care.  They want their leads, but this abuse the Courts have the inherent power to cure.  For example, Arizona has a similar "Bill of Discovery" (can Strike 3 go file there after they leave Florida following a "cut and run" there)?  This novel litigation tactic, which arose post-*Cobbler*, is a case of first impression and must be stopped.

Plaintiff citing the 1620 *Bacon Francis* quote **(p. 10 lines 17-19 of their brief)** completely misses the point when cited in a case of first impression to addresses the new technologies ("Facebook "Interests" matching they are using), and novel abuses (*Cut and run* in *equity* actions in State court where no SMJ and/or personal jurisdiction is remotely conceivable) seen in this case and others.  It's time to play fair, do your homework before suing subscribers, and stop shaking people down with this East Coast – West Coast strategy.

6

REPLY

While technology is changing, the legal tools available have not.  The Courts must use existing tools such as the motion to quash, and motion to dismiss given the extraordinary actions being taken by Plaintiff in pursuit of seeking to use Courts as an Arm to their collection activities, which includes shakedowns and many demands on people (whether infringers or not), not uncommon at the $50,000 level by Plaintiff and their counsel.  As their counsel has noted, if you don't like being sued in Florida state court, let us know and we will sue you in California, all while precious time drags on, risking the loss of exculpatory evidence, and intentionally delaying the federal court case.  This type of unprecedented  "work-around" must be frowned on, and the Order to quash and dismiss should be signed.

RESPECTFULLY SUBMITTED

DATED: March 23, 2020

THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.

By:   /s/  Steven C. Vondran

Steven C. Vondran, Esq., Attorney for  Defendant internet subscriber named as DOE Defendant

One Sansome Street, Suite 3500

San Francisco, CA
steve@vondranlegal.com
Phone: (877) 276-5084
Fax: (888) 551-2252

7

REPLY