UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 24.130.70.230,<br><br>    Defendant. | Case No. 4:19-cv-08231-KAW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO QUASH SUBPOENA; ORDER DENYING MOTION TO DISMISS AND MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 13 |

On March 1, 2020, Defendant John Doe filed a motion to quash the subpoena that Plaintiff Strike 3 Holdings, LLC issued to his internet service provider ("ISP"), Comcast Cable Communications ("Comcast"), seeking the subscriber information for the IP address that Plaintiff has connected to the alleged infringement of its copyrights in pornographic films. In the same motion, Plaintiff also moves to dismiss the complaint under Rule 41 and seeks sanctions under Rule 11.

Upon review of the moving papers, the Court finds that the motion can be resolved without oral argument pursuant to Civil Local Rule 7-1(b) and DENIES Defendant's motion and orders Plaintiff to serve a copy of this order on Comcast.

## I.   BACKGROUND

Plaintiff Strike 3 Holdings, LLC has filed dozens of copyright infringement cases in this district pertaining to its ownership of adult-content movies distributed through its websites. (Compl., Dkt. No. 1 ¶¶ 2-3.) Plaintiff alleges that Defendant has used the BitTorrent protocol to download and distribute Plaintiff's movies to others in violation of Plaintiff's copyrights in the material. (Compl. ¶ 4.) Specifically, Defendant has infringed Plaintiff's copyrights in 59 movies over an extended period of time. (*Id.*; Compl., Ex. A.) Defendant is known to Plaintiff only by his

1   IP address 24.130.70.230, which is maintained by Comcast. (Compl. ¶ 5.)

2        On December 18, 2019, Plaintiff filed the complaint. Thereafter, Plaintiff filed an ex parte
3   application for leave to serve an early third-party subpoena on Comcast in order to identify the
4   name and address of the subscriber associated with the IP address connected to the allegedly
5   infringing conduct. The Court found that Plaintiff showed good cause to permit early discovery
6   and granted permission for Plaintiff to serve the subpoena on Comcast, which included provisions
7   to protect the defendant subscriber's privacy. (Dkt. No. 10.) Plaintiff served a subpoena on
8   Comcast, and, on March 1, 2020, Defendant filed a motion to quash the subpoena. (Def.'s Mot.,
9   Dkt. No. 13-1.)[1] On March 16, 2020, Plaintiff filed an opposition. (Pl.'s Opp'n, Dkt. No. 19.) On
10  March 23, 2020, Defendant filed a reply. (Def.'s Reply, Dkt. No. 20.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena. The scope of discovery through a Rule 45 subpoena is the same as the scope of discovery permitted under Rule 26(b). *Beaver Cty. Employers Ret. Fund v. Tile Shop Holdings, Inc.*, No. 3:16-mc-80062-JSC, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2016) (citing Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970); Fed. R. Civ. P. 34(a)). Pursuant to Federal Rule of Civil Procedure 26, in a civil action, a party may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Notwithstanding, the court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from

---

[1] Instead of filing a request for judicial notice, Defendant directly attached to the motion what appears to be a response to an order to show cause filed by Strike 3 in a case in the U.S. District Court for the Southern District of Florida. Since the document is improperly filed and does not involve the same IP address, it will not be considered. To the extent that Defendant asks the undersigned to take judicial notice in the reply without having filed a formal request for judicial notice, that request is denied. (*See* Pl.'s Reply at 4.)

1  some other source that is more convenient, less burdensome, or less expensive; (ii) the party
2  seeking discovery has had ample opportunity to obtain the information by discovery in the action;
3  or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P.
4  26(b)(2)(C). Rule 45 further provides that "the court for the district where compliance is required
5  must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires
6  a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure
7  of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person
8  to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

9  Generally, "a party has no standing to seek to quash a subpoena issued to someone who is
10 not a party to the action, unless the objecting party claims some personal right or privilege with
11 regard to the documents sought." *Drummond Co., Inc. v. Collingsworth*, 2013 WL 6074157, at
12 *15 (N.D. Cal. Nov. 18, 2013) (quoting 9A Charles A. Wright & Arthur R. Miller, Fed. Prac. &
13 Proc. § 2459 (3d ed. 2008)). If good cause is shown, a court may "issue an order to protect a party
14 or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . .
15 forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A).

16 The moving party bears the burden of persuasion on a motion to quash, but the party
17 issuing the subpoena must demonstrate that the discovery is relevant. *See, e.g., Chevron Corp. v.
18 Donziger,* No. 3:12-mc-80237-CRB, 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013) (citation
19 omitted); *see also Optimize Tech. Solutions, LLC v. Staples, Inc.*, No. 5:14-mc-80095-LHK, 2014
20 WL 1477651, at *2 (N.D. Cal. Apr. 14, 2014).

### III.   DISCUSSION

22 In this motion, Defendant moves to quash the subpoena, dismiss the case under Rule 41,
23 and impose sanctions against Plaintiff under Rule 11.

#### A.   Motion to Quash

25 Defendant contends that Plaintiff seeks to unmask their identity "for the sole purpose of
26 obtaining their name and then harassing them in pursuit of a 'shame settlement' notwithstanding
27 the fact that [Plaintiff] has no actual evidence that Defendant is an infringer…." (Def.'s Mot. at
28 12.) In sum, Defendant claims that Plaintiff's litigation in Florida that preceded the filing of the

instant case, purportedly done to avoid an adverse Ninth Circuit ruling, should result in the subpoena being quashed. (Def.'s Mot. at 15.) The Court notes that Defendant does not claim innocence. Rather, Defendant objects to how Plaintiff goes about defending its copyrighted works.

By way of background, Defendant explains that Plaintiff, in an attempt to "shakedown" alleged infringers, has begun filing cases in Florida state court despite knowledge that the IP addresses are located in other places, including the Northern District of California, in an attempt to circumvent the Ninth Circuit's ruling in *Cobbler Nevada, LLC v. Gonzales,* 901 F.3d 1142 (9th Cir. 2018). (Def.'s Mot. at 9.) While this may be true, the only case before the undersigned is the instant case. At this juncture, under *Cobbler Nevada,* Plaintiff is simply attempting to ascertain the subscriber's identity, and is, therefore, permitted to subpoena the ISP for the defendant's identifying information, and conduct an initial investigation into the defendant. *See* 901 F.3d at 1145. To the extent that Defendant believes that Plaintiff will be unable to prove its case, that argument is premature, as Plaintiff is only trying to ascertain the defendant subscriber's identity, which was explicitly permitted in *Cobbler Nevada.* Indeed, as Plaintiff points out, the Court, in granting the ex parte application to subpoena the subscriber information, entered a protective order to protect Defendant's identifying information. (Pl.'s Opp'n at 6 (citing Dkt. No. 10 ¶ 9).)

Accordingly, Plaintiff has shown that the subscriber information is relevant, and, since Defendant's complaints regarding litigation strategy have no bearing on the merits of the motion to quash, the Defendant's motion to quash the subpoena is DENIED.

### B. Motion to Dismiss

Defendant argues that this case should be dismissed under Rule 41 on the grounds that Plaintiff intentionally and frivolously delayed the proceedings by first filing an action in Florida state court. (Def.'s Mot. at 16.) Pursuant to Rule 41, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Dismissals under Rule 41(b), however, are for failing to comply with orders issued in the instant federal case not for conduct in another action, and surely not in state court actions given that the federal rules do not apply to state court proceedings.

Moreover, any motion to dismiss under *Cobbler Nevada* is premature. Here, Plaintiff has

1  not had an opportunity to obtain the subscriber information, and it is premature to assume that the

2  only fact it will have after some discovery is conducted is the subscriber's identity. *See Cobbler*

3  *Nevada,* 901 F.3d at 1145.  In fact, in *Cobbler Nevada*, the plaintiff was permitted to depose the

4  subscriber, but that deposition did not reveal any new information regarding the identity of the

5  actual infringer, who could have been any of the residents of the adult care home or their visitors.

6  *Id.*  It was only after that discovery was performed, and the plaintiff filed a first amended

7  complaint naming the subscriber despite having no other evidence that he was the actual infringer,

8  that the case was dismissed. *Id.* at 1145-46.  Furthermore, a dismissal at this juncture would

9  prevent Plaintiff from protecting its copyrighted works, because it would be precluded from

10 discovering who is illegally downloading and distributing its content using BitTorrent.

11 For the reasons set forth above, Defendant's motion to dismiss under Rule 41 is DENIED.

### C. Motion for Sanctions

Finally, Defendant seeks the imposition of sanctions on the grounds that Plaintiff violated Rule 11 by not initially filing suit in federal court, and instead filing suit in Florida state court. (Def.'s Mot. at 11.)  As an initial matter, Florida state court proceedings are not subject to Rule 11, which only apply to proceedings in federal court. Second, under Rule 11, "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). Fed. R. Civ. P. 11(c)(2). Even if the motion were brought separately as required by Rule 11(b), based on the facts provided, there is no basis for imposing sanctions based on the conduct in the instant case.

Accordingly, the motion for sanctions is DENIED.

### IV. CONCLUSION

For the reasons stated above, Defendant's motion to quash the subpoena, dismiss the case, and impose sanctions is DENIED in full.  Plaintiff shall serve a copy of this order on Comcast.

IT IS SO ORDERED.

Dated: April 22, 2020

KANDIS A. WESTMORE
United States Magistrate Judge

5